UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

JAMES BECKWITH,

    Petitioner,

v.                                           Case No.  8:10-cv-1224-T-33AEP

SECRETARY, DEPARTMENT OF CORRECTIONS,

    Respondent.
_____

## **ORDER**

This cause is before the Court on pro se Petitioner James Beckwith's timely-filed 28 U.S.C. § 2254 petition for writ of habeas corpus.  Beckwith challenges his conviction and sentence entered by the Circuit Court for the Thirteenth Judicial Circuit, Hillsborough County, Florida.  A review of the record demonstrates that, for the following reasons, the petition must be **denied.**

### **PROCEDURAL HISTORY**

On January 16, 2004, Beckwith was convicted of the felony offenses of possession of a short-barreled shotgun and aggravated assault on a law enforcement officer, and three misdemeanor offenses. (Ex. A, p. 108). He was sentenced to fifteen years incarceration. (Ex. A, pp. 112-115).

### **Direct Appeal**

Beckwith pursued a direct appeal and his attorney, Jean Marie Henne, filed an initial brief raising two issues: 1) whether the trial court erred in denying a motion for judgment of acquittal, and 2) whether the trial court abused its discretion in admitting certain evidence. (Ex. B). The State filed an answer brief. (Ex. C). The state district court of appeal affirmed Beckwith's convictions and sentences on June 24, 2005. (Ex. D). *Beckwith v. State*, 907 So. 2d 522 (Fla. 2d DCA 2005)[table]. The mandate issued July 26, 2005. (Ex. E).

### Collateral Proceedings

On or about January 24, 2006, Beckwith filed a Rule 3.850 motion for postconviction relief raising five claims of ineffective assistance of counsel. (Ex. A, pp. 16-44). On March 21, 2007, the state trial court ordered the State to respond to grounds one and two(a), reserved ruling on ground five, and summarily denied all other grounds. (Ex. A, pp. 303-554). (See Exhibit One to this Order.) On April 18, 2007, the State filed a response. (Ex. A, pp. 45-92). On May 31, 2007, the state trial court entered an order granting an evidentiary hearing on ground one, denying ground two(a), and reserving ruling on ground five. (Ex. A, pp. 93-222).

An evidentiary hearing was held on September 11, 2007. (Ex. A, pp. 256-283). On October 31, 2007, the circuit court entered a final order denying Beckwith's Rule 3.850 motion. (Ex. A, pp. 226-255). (See Exhibit 2 to this Order). Beckwith appealed and filed an initial brief. (Ex. F). The State filed an answer brief. (Ex. G). On September 4, 2009, the state district court of appeal affirmed the denial of Beckwith's

postconviction motion. (Ex. H). *Beckwith v. State*, 17 So. 3d 294 (Fla. 2d DCA 2009)[table]. The mandate issued September 29, 2009. (Ex. I).

## THE PRESENT PETITION

Beckwith signed the present federal petition, which raises the same five grounds for relief that he raised in his Rule 3.850 motion for postconviction relief, on May 21, 2010. The petition is timely.

## STANDARD OF REVIEW UNDER 28 U.S.C. § 2254(d)

Pursuant to 28 U.S.C. § 2254(d), Beckwith is not entitled to habeas relief unless he can establish that a habeas claim adjudicated by the state courts "resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established" Supreme Court precedent, or "resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding." 28 U.S.C. S 2254(d)(1), (2).

Under the "contrary to" clause, a federal habeas court may not grant the writ unless the state court arrives at a conclusion opposite to that reached by the Supreme Court on a question of law or if the state court decides a case differently than the Supreme Court has on a set of materially indistinguishable facts. Under the "unreasonable application" clause, the federal court should not grant the writ unless the state court identifies the correct governing legal principle from the Supreme Court's decisions but unreasonably applies that principle to the facts of the prisoner's case. *Williams v. Taylor*, 529 U.S. 362, 412 (2000).

## DISCUSSION

**Ground One**

Beckwith asserts that trial counsel was ineffective for failing to inform Beckwith of a plea offer made by the State. This claim was raised as ground one in Beckwith's state postconviction motion, and as issue one on appeal from the denial of the motion, and is therefore exhausted for federal habeas corpus purposes. The claim is without merit.

This claim was rejected on the merits by the state court after an evidentiary hearing, and Beckwith has shown no violation of any clearly established federal law. The clearly established federal law which applies to a claim of ineffective assistance of counsel is *Strickland v. Washington*, 466 U.S. 668 (1984).

According to *Strickland*, in order to prevail on a claim of ineffective assistance, a petitioner must prove that: (1) his counsel's performance was deficient; and (2) he sustained prejudice as a result. Beckwith has shown no deficient performance and is entitled to no relief. At the state court evidentiary hearing, Beckwith's trial counsel testified that she did not recall the prosecutor making any plea offers other than life. She also testified that if the prosecutor had made an offer, she would have conveyed it to Beckwith. (Ex. A, pp. 247-250). The state trial court found counsel's testimony to be credible. The second district court of appeal affirmed the trial court's denial of relief on this claim.

Counsel's testimony refuted Beckwith's claim of deficient performance and Beckwith has not shown that the state court ruling violated any clearly established federal law. Ground one does not warrant habeas corpus relief.

**Ground Two**

Beckwith asserts that trial counsel was ineffective for failing to call Altamese Simmons as a witness at trial and failing to investigate other potential witnesses. This claim was raised as ground two in Beckwith's state postconviction motion, and as issue two on appeal from the denial of the motion, and is therefore exhausted for federal habeas corpus purposes. However, the claim is without merit because Beckwith has failed to show either deficient performance or prejudice.

<u>Failure To Call Altamese Simmons</u>

Beckwith alleged that Ms. Simmons was an eyewitness, that she had stated that Beckwith was shot while he was facing the door, not facing Officer Baxter, and that she had stated in her deposition that Beckwith did not confront the officer. (Ex. A, p. 27). Beckwith asserted that Ms. Simmons' testimony was contrary to the officers' accounts. (Ex. A, p. 28). In her taped police interview, Ms. Simmons stated that Beckwith ran toward an apartment, Officer Baxter said something, and then there was gunfire. (Ex. A, p. 53). When asked whether Beckwith ever turned toward the officer, Ms. Simmons responded, "I was . . he's sitting on the porch . . yes." (Ex. A, p. 55). She then agreed that the officer might have believed that she (the officer) was in danger because Beckwith still had the weapon in his hand. (Ex. A, p. 56).

In her deposition, Ms. Simmons stated that after Beckwith ran by her, she heard Officer Baxter say something and she thought she said it more than once. She then heard gunshots and saw Beckwith "go down in a sitting position." At that point, he was facing the officer and the gun was still in his arms. (Ex. A, pp. 77-78, 83). When asked

whether she saw Beckwith turn towards the officer, she responded, "I can't say I actually saw him turn towards her, uh-uh (indicating negatively), I can't." (Ex. A, p. 82). She also said that she never **saw** Beckwith confronting or facing the officer before she saw him sitting down. (Ex. A, p. 84). She did not say that he did not confront the officer.

In denying relief on this claim, the state trial court found that Ms. Simmons' testimony would have benefitted the State, not Beckwith, and that Beckwith had therefore failed to show any prejudice. (Ex. A, pp. 102-103).

The transcripts of Ms. Simmons' statement and deposition show that she did not say that Beckwith never confronted the officer, only that she did not see him confront the officer. Moreover, as the state trial court found, her testimony would have been beneficial to the State, not Beckwith. Beckwith failed to demonstrate either deficient performance or prejudice, and the state court properly denied relief on this claim.

<u>Failing To Investigate Other Witnesses</u>

Beckwith asserts that counsel was ineffective for failing to investigate other potential witnesses. He does not identify any particular witness in his habeas petition. However, in his state postconviction motion, he alleged that counsel was ineffective for failing to investigate or interview Michelle Randolph. Beckwith asserted that Ms. Randolph's testimony could have supported the theory of defense that Beckwith did not commit an aggravated assault.

In her taped interview, Ms. Simmons stated that her niece, Michelle Randolph, lives on the same street and had called her (Ms. Simmons) earlier to tell her that a man

had shot out his wife's car windows and to be careful. (Ex. A, pp. 63-66). She also stated that Michelle came running down to her house after the shooting. (Ex. A, p. 67).

In her deposition, when asked whether she saw anyone else around when she heard the shots, Ms. Simmons responded, "No, I don't recall seeing anybody else around . . . ." (Ex. A, p. 83). In denying this claim, the state trial court stated that "Ms. Simmons did not provide the names of additional witnesses during her deposition as she stated that she did not recall seeing anybody else around when she heard the shots" and that "Ms. Simmons did not provide the names of any additional witnesses who could be considered eyewitnesses to the incident." (Ex. A, pp. 102-103). The state trial court was correct. There is no indication in the record that Michelle Randolph was present at the time of the shooting and Ms. Simmons did not provide the names of any other witnesses. Beckwith failed to show either deficient performance by counsel or prejudice and the state courts properly denied relief on this claim.

Beckwith also claims that trial counsel was ineffective for failing to impeach key witnesses. He does not identify the witnesses in his petition. However, in the state courts, he claimed that counsel was ineffective for failing to impeach two law enforcement officers. The state courts properly denied relief on this claim. Beckwith, in his postconviction motion and in his postconviction appellate brief, pointed to inconsistencies between the officers' testimony, but did not indicate what counsel should have done to impeach either officer that he did not do. The inconsistencies were contained in the trial testimony and were therefore before the jury and, as the state circuit court noted, counsel referenced inconsistencies in the officers' testimony

during closing argument. Beckwith has not alleged any specific action that counsel should have taken that he did not take and has shown neither deficient performance on the part of counsel nor prejudice.

Ground two does not warrant habeas corpus relief.

### Ground Three

Beckwith asserts that trial counsel was ineffective for failing to investigate and present an temporary insanity defense. This claim was raised as ground three in Beckwith's state postconviction motion, and as issue two(b) on appeal from the denial of the motion, and is therefore exhausted for federal habeas corpus purposes. The claim is without merit.

The state circuit court summarily denied this claim and attached portions of the record to support its denial. (Ex. A, pp. 481-482, 387). Those portions of the record show that Beckwith had been evaluated by two doctors, Dr. Pandya and Dr. Merin, and that neither doctor indicated that there was any possibility that Beckwith was insane at the time of the offense. Based on the doctors' reports, it was not unreasonable for counsel not to further investigate the issue, and Beckwith has shown no deficient performance on the part of counsel.

Ground three does not warrant habeas corpus relief.

### Ground Four

Beckwith asserts that trial counsel was ineffective for failing to set out adequate grounds in support of a motion for judgment of acquittal. Beckwith asserts that counsel should have argued that Beckwith did not intentionally or unlawfully threaten Officer

Baxter by word or act. Beckwith further asserts that there were inconsistencies in the evidence. This claim was raised as ground four in Beckwith's state postconviction motion, and as issue two(c) on appeal from the denial of the motion, and is therefore exhausted for federal habeas corpus purposes. The claim is without merit because Beckwith has failed to show prejudice.

Officer Baxter's testimony was legally sufficient to support Beckwith's conviction for aggravated assault on a law enforcement officer and Beckwith does not argue otherwise. Because the evidence was legally sufficient, Beckwith cannot show a reasonable probability that a motion for judgment of acquittal would have been granted had counsel made the arguments suggested by Beckwith. Thus, he can show no prejudice and the state courts properly denied relief on this claim.

Ground four does not warrant habeas corpus relief.

### Ground Five

Beckwith asserts that trial counsel was ineffective based on cumulative error. However, because Beckwith failed to demonstrate both deficient performance and prejudice with respect to any of his claims of ineffective assistance, this claim is without merit.

Ground five does not warrant habeas corpus relief.

### Beckwith's Reply

Beckwith argues that the record is insufficient to determine the merits of his petition because the record on direct appeal is not available. However, because Beckwith's claims were raised and ruled on in the state postconviction proceedings, the

documents related to those proceedings, with supporting attachments, are sufficient for a determination of Beckwith's claims.

Accordingly, the Court orders:

That Beckwith's petition is denied. The Clerk is directed to enter judgment against Beckwith and to close this case.

## CERTIFICATE OF APPEALABILITY AND
## LEAVE TO APPEAL IN FORMA PAUPERIS DENIED

The Court declines to issue a certificate of appealability pursuant to Rule 11(a) of the Rules Governing Section 2254 Cases in the United States District Courts because Petitioner has failed to make a substantial showing of the denial of a constitutional right as required by 28 U.S.C. § 2253(c)(2).

Because Petitioner is not entitled to a certificate of appealability, Petitioner is not entitled to appeal in forma pauperis. Petitioner is assessed the $455.00 appellate filing fee and must pay this filing fee unless the Eleventh Circuit determines that he may proceed on appeal in forma pauperis.

ORDERED at Tampa, Florida, on February 18, 2011.

_____
VIRGINIA M. HERNANDEZ COVINGTON
UNITED STATES DISTRICT JUDGE

Counsel of Record
James Beckwith

-10-